UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-189-H

MARY L. HALL and EUGENE HALL                                                    PLAINTIFFS

V.

SPENCER COUNTY, KENTUCKY, et al.                                                DEFENDANTS

**MEMORANDUM OPINION**

This case is remanded from the Sixth Circuit Court of Appeals which decided that Plaintiffs' causes of action and their amended complaint related back to the original complaint and that, therefore, they avoided the statute of limitations. Subsequently, the parties dismissed the claims against the City of Taylorsville by agreement and the Court has set a trial for June 1, 2010. Now, Defendants, Spencer County and Marlene Cranmer, have moved for summary judgment: Cranmer arguing that she is a private individual who is not liable under 42 U.S.C. §1983; Spencer County arguing that even if Cranmer is deemed to be acting under color of state law, it cannot be liable for her actions under the doctrine of respondeat superior.

For the reasons that follow, the Court concludes that Plaintiffs may maintain their §1983 claims against Cranmer in her personal capacity, but not against either Spencer County or Cranmer in any official government capacity.

I.

The Halls operated a wrecking-towing service and storage lot in Spencer County, Kentucky, that obtained a substantial part of their business by responding to 911-dispatching towing calls. The County had long assumed the responsibility for dispatching local 911 calls on

behalf of the City of Taylorsville. When the County decided to out source its dispatching duties, Russell Cranmer successfully bid for the 911 dispatch contract in 1993 and renegotiated that contract in 1998. In 2005, the County solicited bids for the dispatch service and again awarded a one year contract to Defendant, Marlene Cranmer, effective July 1, 2005.

When the Cranmers began operating the dispatch service, the Halls were the only towing company in Spencer County. By 2004, two additional towing companies, S&K Towing and Elk Creek Towing, were operating in the county. The Cranmers began sending dispatch calls to S&K in early 2004. The Cranmers allege that they began sending S&K far more, not all the calls, because the Halls were unwilling or unable, due to health reasons, to take dispatch calls. During 2004 and 2005, the Halls complained repeatedly and publicly about the dispatch service, registering complaints with the mayor, Ethics Committee, Fiscal Court, state offices and the state auditor.

After the lawsuit was filed in March, 2006, the Cranmers removed Halls' wrecking service from the rotation of those receiving calls. Thus, after March 30, 2006, referrals from dispatch to the Halls completely stopped. The evidence strongly suggests that the reason the Cranmers stopped making referrals to the Halls was because of the many complaints and the lawsuit. The Halls' central complaint now is that the Cranmers retaliated against them for their speech by reducing or eliminating their wrecker calls. That is, improperly denying the Cranmers a rightful place on the rotation list. The parties dispute whether the Cranmers actually reduced calls to the Halls after April, 2007, or whether the Halls exited the business for other reasons.

II.

Defendant, Marlene Cranmer, has moved for summary judgment on the grounds that her discharge in bankruptcy bars the claims against her and because as a private person she has no liability under § 1983. The first is easily resolved; the second not so.

The discharge in bankruptcy does bar the claims against her concerning any acts prior to April 3, 2007. However, any act denying Plaintiffs their rights thereafter constitutes a separate violation and is not discharged. Arguably, under the facts as they exist, the Cranmers continued decision not to restore Hall to the dispatch rotation, constitutes a continuing violation subsequent to the bankruptcy discharge. Claims based on this continued action are probably actionable and, in any event, the Court can only know for sure after hearing the evidence at trial.

Next, Cranmer argues that she did not act under color of state law and, therefore, has no liability for her acts after April 3, 2007, under § 1983. In order to be subject to suit under § 1983, Defendant's actions must be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). There are three tests employed by the courts to determine whether the challenged conduct is fairly attributable to the state: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test. *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Id.* at 1335. The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Finally, under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the

regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.*

The public function analysis applies most directly here. Cranmer was providing a service that County Government authorized and funded. Indeed, it was a service which County Government previously provided. Spencer County provided Cranmer with the space, equipment and authority to operate the dispatch service for and on behalf of the County. The authority that Cranmer exercised for central dispatch of County emergency services derived directly from Spencer County. Nowadays, local governments often provide 911 dispatch service for all emergency calls. On a small scale, that is precisely the service which Cranmer provides for the citizens of Spencer County.

Our case is different than a doctor providing specific independent contractor services. *See Collyer v. Darling*, 98 F.3d 211 (6th Cir. 1996). By providing an entire public service, the 911 dispatch service seems more like a private nurse providing general medical services in a jail. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). This case is a close one, but all things considered, Plaintiffs have made a sufficient case at this time that they operated the dispatch service under color of state law.

III.

Defendant, Spencer County, argues that, even if Cranmer is operating under color of state law, it is not liable for her actions because the only basis for that liability is respondeat superior. Spencer County can be liable either from an action against Cranmer in her official capacity or by a direct claim against the government.

The Supreme Court has described the circumstances for such § 1983 liability in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). A local governmental entity is

4

considered a person within the meaning of § 1983, *Id.* at 662; it has no liability simply because its employee violates another's constitutional rights, *Id.* at 691; and it is liable only where the employee's act represents an official policy or custom of that government, *Id.* at 694. *See also Kentucky v. Graham*, 473 U.S. at 167. Since *Monell*, the Sixth Circuit has elaborated on the scope of municipal liability:

> While [local governing bodies are] not liable under respondent superior for an employee or officer's acts, it may be sued for having caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Since such bodies can act only through natural persons, the critical question is whether the person committing the act did so pursuant to official policy. A formally adopted policy is not required; established usage or custom may be sufficient.

*Adkins v. Bd. of Educ. of Magoffin County, Ky.*, 982 F.2d 952, 957 (6th Cir. 1993). Under this jurisprudence, the actions of a single official not taken pursuant to an official policy can only create liability for the local government where that official has "final policymaking authority." *Id.* "[W]hether an official has such final authority is a question of state law." *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)).

The evidence here is that Spencer County contracted with Cranmer to provide discharge services. She was given wide discretion to provide those services. The County did not adopt any policies or regulations for Cranmer to follow. Though Cranmer certainly had the authority to operate the dispatch service, she was not given the authority to "make policy" in any broader sense. Under none of the cases this Court has seen, would Cranmer be viewed as acting as a final policymaker or as carrying out official customs or policies which Spencer County has established. *See Hicks v. Frey*, 992 F.2d at 1458 (holding that a nurse employee of a private company did act under color of state law but was not a final decision maker). Consequently, this

Court finds that Spencer County has no direct liability for Cranmer's actions under either 42 U.S.C. § 1983 or *Monell*.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record